# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| STEPHANIE M. HORNER, | ) ) ) | |
| Plaintiff, | ) ) | No. 25-469 |
| v. | ) ) ) | (Filed: March 20, 2025) |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## ORDER

      On March 13, 2025, plaintiff Stephanie M. Horner, appearing pro se, filed her complaint in this court. Compl., ECF No. 1. Ms. Horner seeks $100 million in damages from the State of Michigan for alleged violations of the Fourth and Eighth Amendments committed by representatives of the Taylor Police Department. Compl. at 1–2. She also seeks injunctive relief protecting her from further violations of her rights. Id.

      It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the complaint, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

      The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Ms. Horner's allegations concern actions by the State of Michigan and its agencies, but the United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941).

      Finally, the Court notes that less than a month ago it dismissed a similar complaint that Ms. Horner filed for lack of subject-matter jurisdiction because the claims she presented concerned the actions of a state agency and not the United States. See Horner v. United States, No. 25-300, 2025 WL 658354 (Feb. 28, 2025). The Court cautions Ms. Horner that her failure to refrain from filing similar complaints with this court about the actions of a state or its agencies

(as opposed to the United States) may result in the imposition of an anti-filing injunction. <u>See</u> <u>Allen v. United States</u>, 88 F.4th 983, 988 (Fed. Cir. 2023).

Therefore, Ms. Horner's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Her application to proceed in forma pauperis, which was submitted on March 19, 2025, ECF No. 6, is accepted for filing and **GRANTED** solely for purposes of dismissing the case.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge